IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS FRY, and all others )
similarly situated, )
　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　 )
　　　　　v. ) No. 09 C 53
　　　　　　　　　　　　　　　　 )
EXELON CORPORATION CASH BALANCE )
PENSION PLAN, )
　　　　　　　　　　　　　　　　 )
　　　　　Defendant. )

## OPINION AND ORDER

This is the second case brought by plaintiff Thomas Fry against the Exelon Corporation Cash Balance Plan (the "Plan" or the "Cash Balance Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., challenging a lump-sum distribution. Fry was an employee of Commonwealth Edison Company, a subsidiary of Exelon, from 1969 to 2003. Prior to 2002 he was a participant in the Edison Service Annuity System pension program. He elected to join the Cash Balance Plan in 2002. When Fry joined the Cash Balance Plan, his benefit under the Edison pension became, as defined, an accrued frozen benefit. Fry retired in 2003 at the age of 56 and

requested a lump-sum distribution. He received a total payment of $621,698 as of January 1, 2004.

Previously, Fry sued the Plan, alleging that his lump-sum benefit should have been increased by a whipsaw calculation. See generally Berger v. Xerox Corp. Ret. Income Guarantee Plan, 338 F.3d 755 (7th Cir. 2003). It was held that because Fry had reached normal retirement age under the Plan (defined as five years of service) when he took his lump-sum payment, no whipsaw calculation was required. See Fry v. Exelon Corp. Cash Balance Pension Fund, 2007 WL 2608524 (N.D. Ill. Aug. 31, 2007), amended in part on reconsideration, 2007 WL 4569872 (N.D. Ill. Dec. 21, 2007), aff'd sub nom., Fry v. Exelon Corp. Cash Balance Pension Plan, 571 F.3d 644 (7th Cir. 2009), cert. denied, 130 S. Ct. 1504 (2010) ("Fry I").

On reconsideration in Fry I, plaintiff contended that a claim regarding a separate whipsaw calculation with respect to his accrued frozen benefit should be dismissed without prejudice in order to leave open administrative remedies regarding that benefit. Because the claim required interpretation of pension terms, and the plan provides for the administrative resolution of such disputes, the judgment was amended so as to dismiss "plaintiff's claim for a whipsaw calculation with respect to his accrued frozen benefits without prejudice." Fry I, 2007 WL 4569872 at *3.

## Administrative Review

Fry submitted his accrued frozen benefit claim for administrative review asserting that it should yield an additional $394,547 above the $621,698 he had been paid. He also argued that pension information reports distributed to him conflicted with Plan terms and supported his interpretation of Plan documents.

Plaintiff's claim was denied initially by the administrator and on review to a reviewing official. It was stated in the administrative decisions that the accrued frozen benefit was an age 65 annuity that had been determined to be a monthly annuity of $4,234.14 that Fry was entitled to receive at age 65 for life. That amount was converted to a lump-sum by discounting the age 65 annuity to present value. Under the terms of the Plan, the payment was the greater of (1) the amount determined using the actuarial factors specified in I.R.C. § 417(e)(3) or (2) the amount using a 6.5% discount rate and other specified assumptions. The IRS calculation was determined to be $377,377.72. The lump-sum value paid to plaintiff in respect of his accrued frozen benefits was $467,371.87.

Fry's arguments based on the effect and timing of additional credits added to his benefits and the contention that

the pension reports support a claim for a whipsaw calculation were considered and rejected on administrative review.

Before this court, plaintiff argues that the Plan applied credits to the amounts earned on the accrued frozen benefit and was required to determine the present value of future credits to be earned to age 65. Count I alleges ERISA §§ 203(e) and 203(g), 29 U.S.C. §§ 1053(e) & 1055(g), and I.R.C. § 417(e), as implemented by Treas. Reg. § 1.417(e)-1(d), require any optional form of benefit paid from a defined benefit plan to be no less than the present value of the participant's normal retirement benefit payable at normal retirement age (age 65 under the Edison Service Annuity System pension).

In Count II it is alleged the Plan conduct resulted in a forfeiture of benefits prohibited by ERISA § 203(a), 29 U.S.C. § 1053(a), by conditioning plaintiff's right to receive an investment credit rate on not taking a distribution prior to normal retirement age.

Alternatively, Count III alleges that if the court accepts the analysis offered by the Plan, the Plan violated the anti-backloading rules of ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B). Plaintiff argues that the remedy for a backloading violation is a whipshaw calculation. Nowhere does he provide the parameters or results of such a calculation.

## Standard of Review

As this court stated in Fry I, 2007 WL 4569872 at *3, plaintiff's accrued frozen benefit whipsaw claim presents a matter of terms construction. The administrative decision is entitled to deferential review and can be reversed only if it is arbitrary and capricious, that is "downright unreasonable." Holmstrom v. Metro. Life Ins. Co., 615 F.3d 758, 766 & n.5 (7th Cir. 2010); Black v. Long Term Disability Ins., 582 F.3d 738, 745 (7th cir. 2009). This standard is highly deferential and is only examined for support in the record. Black, 582 F.3d at 745; Jenkins v. Price Waterhouse Long Term Disability Plan, 564 F.3d 856, 861 (7th Cir. 2009).

## Discussion

As the Court of Appeals for the Seventh Circuit stated in Fry I, the Cash Balance Plan is a defined-benefit plan that works like a defined-contribution plan, except that the individual accounts are virtual. 571 F.3d at 645. All the P)lan's assets are held in a single trust; the Plan does not have a separate pot of assets to match each employee's account. Id.; see also Cooper v. IBM Pers. Pension Plan, 457 F.3d 636 (7th Cir. 2006).

The whipsaw rule was a regulatory response to cash balance plans in which a benefit was initially expressed as an account balance, rather than an annuity payable at normal retirement age. In some situations, the account balance under a

cash balance plan had to be projected to its value at normal retirement age and then discounted to present value. A whipsaw calculation was not required for traditional pension benefits like the accrued frozen benefit that was already valued as an annuity payable at retirement age. When such benefits are paid in the form of a lump-sum benefit, they are discounted to present value using actuarial assumptions no less favorable than those in I.R.C. § 417(e). See 29 U.S.C. § 1054(c)(3). The administrative review in this case clearly established that a whipsaw calculation is not required with respect to plaintiff's accrued frozen benefit. The determination is not arbitrary or capricious.

Plaintiff also argues that the accrued frozen benefit was not an age-65 annuity, but became a part of the cash balance account and earned annual investment credits in 2002 and 2003. However, on administrative review, it was established that investment credits were not earned on the accrued frozen benefit amount. The determination is not arbitrary or capricious.

Aside from the accounting treatment, plaintiff argues that pension documents support his claim for a whipsaw calculation. However, no such conflict has been shown. The summary plan description accurately described the benefits plaintiff would receive. There is no discrepancy shown sufficient to override the reasonable interpretation of Plan

terms. See Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050, 1051-52 (7th Cir. 1991).

Alternatively, plaintiff claims that the additional $33,640.39 credit provided by the Plan violates ERISA's backloading rules. The additional credit was a part of the Cash Balance Plan. This claim should have been made in Fry I and was not reserved by the amended judgment in Fry I.

However, it is unnecessary to consider all alternatives of this claim because the right to the additional credit accrued upon the inception of the Cash Balance Plan. The determination of the exact amount depended on final calculations as of January 1, 2004. This is not a backloading situation. Register v. PNC Fin. Serv. Group, Inc., 477 F.3d 56, 70-72 (3d Cir. 2007).

Finally, plaintiff seeks more discovery because the witness he subpoenaed was not knowledgeable. No proper or timely request has been made to open discovery. This request will be denied.

The Complaint contains class allegations. Plaintiff, however, has never moved for class certification. A class will not be certified and the putative class claims will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [29] is granted. The Clerk of the Court is

directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's individual cause of action with prejudice and dismissing claims of putative class members without prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 12, 2010